# UNITED STATES DISTRICT COURT

### for the

### Middle District of North Carolina ▾

_____Greensboro_____ Division

FILED
IN THIS OFFICE
JUL 3 0 2025
Clerk U.S. District Court
Greensboro, NC
BY ___

| | |
|---|---|
| Marilyn Hood | Case No. 1:25cv688 |
| | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☑Yes ☐No |
| –v– | |
| Goodwill Industries of Central North Carolina, Inc. | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Marilyn Hood |
| Street Address | 8011 N Point Blvd.#B |
| City and County | Winston Salem Forsyth |
| State and Zip Code | North Carolina 27106 |
| Telephone Number | 336-317-1455 |
| E-mail Address | hoodmarilyn2@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 6

Defendant No. 1

| | |
|---|---|
| Name | Goodwill Industries of Central North Carolina, Inc. |
| Job or Title *(if known)* | |
| Street Address | 1235 S. Eugene St |
| City and County | Greensboro Guilford |
| State and Zip Code | North Carolina 27406 |
| Telephone Number | (336) 275-9801 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Goodwill Industries of Central North Carolina, Inc. |
| Street Address | 3921 Battleground Ave |
| City and County | Greensboro Guilford |
| State and Zip Code | 27410 |
| Telephone Number | (336) 545-1212 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*: Failure to investigate reported sexual harassment/assault

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

October 2022 through January 2024

C.    I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☑ gender/sex    Female
- ☐ religion _____
- ☐ national origin _____
- ☑ age *(year of birth)*    1960    *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*

Scoliosis worsened by accident, limiting bending & lifting

E.    The facts of my case are as follows. Attach additional pages if needed.

While employed at Goodwill Industries of Central North Carolina, I was subjected to sexual harassment by a coworker and experienced retaliation after reporting it. My complaints were dismissed by management. I was also treated unequally compared to other employees, including being denied support and fair access to work. I have scoliosis, which worsened after an accident, but Goodwill failed to reasonably accommodate my disability and falsely claimed they could not contact me despite having my updated address. I was eventually terminated after raising multiple complaints and requesting accommodations.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
5/29/2024

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☑   issued a Notice of Right to Sue letter, which I received on *(date)*   05/01/2025   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I am seeking $300,000 in total damages. This includes lost wages and benefits resulting from my wrongful termination, as well as compensation for emotional distress, mental anguish, and pain and suffering caused by ongoing harassment, retaliation, and failure to accommodate my disability. I also seek punitive damages due to the employer's willful and negligent disregard of my rights and their failure to properly investigate and address repeated reports of sexual harassment. I request any other relief the court deems appropriate, including policy changes and training to prevent future violations.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____07/30/2025_____

Signature of Plaintiff _____ _Marilyn Hood_____ _Marilyn Hood_____

Printed Name of Plaintiff _____Marilyn Hood_____

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Greensboro Local Office**
1500 Pinecroft Road,, Suite 212
Greensboro, NC 27407
(336) 604-5180
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/01/2025

**To:** Ms. Marilyn Hood
8011 N Point Blvd #B
Winston Salem, NC 27106
Charge No: 435-2024-01240

EEOC Representative and email:  NEREIDA RAMOS
Investigator
Nereida.Ramos@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 435-2024-01240.

On behalf of the Commission,

*N. Ramos*          Delegated signature authority for:

Ingrid Waden-Wynn
Local Office Director

Case 1:25-cv-00688-TDS-JEP    Document 2    Filed 07/30/25    Page 7 of 30

**Cc:**
Patty Caudle
Goodwill Industries of Central NC, Inc.
1235 S. Eugene St.
Greensboro, NC 27406

Gary Martoccio Esq.
Spielberger Law Group
2101 W. Platt St., 2nd Floor Suite, Tampa, FL Suite 950
TAMPA, FL 33606

Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 435-2024-01240 to the

District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 435-2024-01240 to the District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

     **are not considered** in determining if the impairment substantially limits a major life activity.

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# ADDENDUM - CONTRADICTORY EEOC STATEMENTS & SUPPORTING EVIDENCE

Plaintiff: Marilyn Hood

Defendant: Goodwill Industries of Central North Carolina, Inc.

Case No.:

Court: U.S. District Court - Middle District of North Carolina, Greensboro Division

## 1. Contradiction About When I Reported Sexual Harassment

In their January 2024 statement, Goodwill claims I did not report the alleged sexual harassment by Bernard Boyd until January 3, 2024, while I was on medical leave. However, as documented in my attached complaint letter and emails, I repeatedly raised this issue with multiple members of management, including Ryan Huth, Amy Vaughn, Celeste, and Dwight Crotts, between May 2023 and July 2023. My letter dated May 3, 2023, was confirmed as received by HR via email (Exhibit C), disproving their claim they were unaware.

## 2. Contradiction About Job Transition Purpose

In one statement, Goodwill claims I was transferred to the Merchandiser role in February 2023 as a supportive measure to help me be more successful and align with my second job needs. However, I clearly stated (see Exhibit A) that this job change followed my complaints about being touched by Bernard Boyd, and that the harassment continued after the transfer. Additionally, I was frequently scheduled past my listed hours, contradicting their claim that my schedule was adjusted to accommodate a second job.

## 3. Contradiction About Communication During ADA Leave

Goodwill claimed in their rebuttal that they could not reach me during my FMLA/ADA leave and that I failed to respond. However, a letter on Goodwill letterhead dated December 11, 2023 (Exhibit D) was sent to my correct address, showing they had up-to-date contact information. I also communicated via email with HR (Exhibit C) and was actively seeking clarification on my

employment status and restrictions in early 2024.

**4. Unequal Treatment and Retaliation (Including Response to Possible Counterclaims)**

Goodwill may argue that they extended my FMLA leave and that other employees of similar age and gender were also employed, or that they made efforts to be accommodating. However, my claim is not based on isolated incidents of general fairness, but on the pattern of discriminatory and retaliatory behavior I experienced. While FMLA was extended, this did not exempt them from their legal obligation to accommodate my ongoing medical restrictions under the ADA. Additionally, being retained temporarily does not erase the fact that I was subjected to sexual harassment, denied equal treatment, and retaliated against for asserting my rights. Their argument that others were treated similarly ignores the specific timeline, content of my complaints, and the employer's failure to act when notified.

**Conclusion**

These documented contradictions between Goodwill's own statements and their knowledge of the events demonstrate a pattern of misrepresentation and retaliation. I respectfully request that the Court consider these facts, along with my attached evidence, in support of my claims for discrimination, harassment, failure to accommodate, and retaliation.

**Attached Exhibits (as supporting proof):**

Exhibit A - Response to Goodwill's EEOC Position (dated July 2024)

Exhibit B - Letter to Goodwill Management (May 3, 2023)

Exhibit C - Email confirmation from HR (May 3, 2023)

Exhibit D - Letter from Goodwill to Plaintiff (dated Dec. 11, 2023)



# Goodwill Industries
## Of Central North Carolina, Inc.

December 11, 2023

Marilyn Hood
8011 North Point Blvd
Unit B
Winston Salem NC 27106

Marilyn,

The company has approved your request for a leave of absence that will end in August. The purpose of this letter is to explain to you the process of paying your portion of the premium for your company sponsored benefit plans while on unpaid leave.

Attached you will find a detailed summary of our current benefit elections and the cost per pay period. Please submit your portion of the insurance premiums that you missed while on unpaid leave according to the following schedule.

| Amount Due | |
|---|---|
| $6.08 | This payment will be applied to cover your cost of the premiums for the period 7/30/23-8/12/23 |
| $6.08 | This payment will be applied to cover your cost of the premiums for the period 8/13/23-8/26/23 |
| $6.08 | This payment will be applied to cover your cost of the premiums for the period 8/27/23-9/9/23 |
| $6.08 | This payment will be applied to cover your cost of the premiums for the period 9/10/23-9/23/23 |
| $6.08 | This payment will be applied to cover your cost of the premiums for the period 9/24/23-10/07/23 |
| $6.08 | This payment will be applied to cover your cost of the premiums for the period 10/08/23-10/21/23 |
| $6.08 | This payment will be applied to cover your cost of the premiums for the period 10/22/23-11/4/23 |
| $6.08 | This payment will be applied to cover your cost of the premiums for the period 11/5/23-11/18/23 |
| $6.08 | This payment will be applied to cover your cost of the premiums for the period 11/19/23-12/2/23 |
| $6.08 | This payment will be applied to cover your cost of the premiums for the period 12-3/23-12/16/23 |

TOTAL $60.08

Or

If you prefer, you can elect to pay your portion of your benefit costs through payroll after you return from leave. I've attached a payroll deduction form for your review and signature. If you


## Letter
2 messages

---

**marilyn hood** <hoodmarilyn2@gmail.com>
To: llash@triadgoodwill.org

Wed, May 3, 2023 at 2:22 AM

Ms. Lashaunda,

I hope this email finds you well. I am writing to follow up on the complaint letter. I have attached a copy of the letter for your convenience.

I would appreciate it if you could confirm receipt of this email and let me know if you require any further information or clarification.

Thank you for your attention to this matter.

Best regards,
Marilyn Hood

 **Letter.MarilynHood.docx**
14K

---

**Lashaunda Lash** <llash@triadgoodwill.org>
To: marilyn hood <hoodmarilyn2@gmail.com>

Wed, May 3, 2023 at 8:49 AM

Hi Marilyn,

I have receive your email and the attached letter.  I will forward to the appropriate people.

Thanks



# Lashaunda Lash, SHRM-CP

*HR Generalist*

Goodwill Industries of Central North Carolina, Inc.

**W:** 336.275.9801 | **O:** 336.544.5319

1235 South Eugene Street · Greensboro, NC · 27406

**Improving Lives and Enriching Communities through the Power of Work**

**TriadGoodwill.org**

NOTE: This document and/or its attachments may contain sensitive information that requires protection under federal or state law.  If you are an authorized recipient of such information, you are required to protect it in a safe, secure and confidential manner. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or action taken in reliance on the contents of those documents is strictly prohibited.  You are requested to notify the sender immediately, delete the email with any accompanying attachments and destroy any copies you may have made.

🖨 Think GREEN! Do you really need to print this email?

**From:** marilyn hood <hoodmarilyn2@gmail.com>
**Sent:** Wednesday, May 3, 2023 2:22 AM
**To:** Lashaunda Lash <llash@triadgoodwill.org>
**Subject:** Letter

<u>Warning</u>
This email originated from outside of Goodwill Industries of CNC. It was NOT sent by any member of the
@triadgoodwill.org domain. Do not click on links or open attachments unless you recognize the sender AND are
expecting the message!

[Quoted text hidden]

My name is Marilyn Hood and I was hired as a hanger later transition to the merchandiser role at Goodwill Industries. Since starting work here in September 2021, I have been subjected to numerous attempts by Store Manager Ryan to write me up for not meeting production targets in my hanging position. Despite informing him that the quality and quantity of clothing were insufficient, he continued to target me with approximately seven write-ups.

I reached out to corporate representatives Amy Vough and Ms. Celeste to voice my grievances about the unfair treatment I was experiencing without any discernible reason. They agreed to review surveillance footage to determine the accuracy of my claims. Upon review, it was found that I was picking up my own work while my coworkers were provided the requisite quality and quantity of clothing. Additionally, when I requested assistance from the donation coordinator Sharmar to obtain a bin for my work, he instructed me to retrieve one myself, even though he had gotten bins for my colleagues in the past.

I have brought these issues to Ryan's attention on several occasions, but he has failed to take any significant action to address them. For example, I reported that my coworker Carol Mixen instructed me not to hang children's clothing, while Ryan told me to do so, which created confusion about who I should be following. Ryan promised to confront Mixen about this, but no action was taken. Similarly, I reported instances of profanity and other unprofessional behavior by staff, but Ryan failed to take consistent action. However, I was approached for murmuring under my breath on what I said on a customer's attire, which did not impose any obscene language nor did I directly approach the customer.

I have always complied with Goodwill's policies and procedures and should not be subjected to the harassment and unfair treatment that I have experienced under Ryan's management. These experiences have caused me a great deal of stress and have negatively impacted my productivity and ability to work effectively. It is my belief that all employees should be treated fairly and without prejudice.

Sincerely,

Marilyn Hood

**Response to Goodwill Industries' Statement:**

**To Whom It May Concern:**

I am writing in response to the position statement submitted by Goodwill Industries of Central North Carolina, Inc., dated July 9, 2024, regarding the EEOC Charge No. 435-2024-01240 filed by Marilyn Hood. The statement contains numerous inaccuracies and misrepresentations which I intend to address thoroughly.

**Meeting on February 21, 2023:**

During the meeting on February 21, 2023, I met with Amy Vaughn and Ms. Celeste to discuss my production. I clearly mentioned how I was being ignored on the production floor and asked them to review the footage. They assured me they would look into the issue further, and I responded that everything was good, trusting their commitment. Contrary to the claims in the July 9 statement, they did not follow through on their promise. Approximately one to two weeks later, Amy Vaughn notified me that she had reviewed the footage and confirmed that I was retrieving my own work from the bins, contrary to the equal treatment purported in Goodwill's statement.

**Preferential Treatment and Harassment:**

Point 3 of Goodwill's statement suggests no preferential treatment for Carol Mixson. However, I addressed these issues in a letter to HR, Ms. Lash, on May 3, 2023. I highlighted the preferential treatment Mixson received from Ryan Huth, leading to confusion and conflict regarding whose directives I should follow. Around July 2022, I wrote a statement to HR about Mixson instructing coworkers not to give work to me, reserving it for herself, Sheree, and another unnamed employee. When I brought this issue to Ryan Huth's attention, it was ignored, further demonstrating Goodwill's lack of responsiveness to my complaints.

After detailing my grievances in the letter, I met with Celeste and Amy Vaughn to further elaborate on the unfair treatment, including the sexual harassment by Bernard Boyd. During this meeting, Celeste dismissed my concerns by telling me to "be quiet and do your work," and that she did not want to hear anything from me again.

**Interaction with Dwight Crotts:**

Two to three weeks later, I met with Dwight Crotts and explained the harassment I faced, as well as the prior meeting with Celeste and Vaughn. Mr. Crotts took notes and assured me he would investigate everything, but the resolution to these issues remains unclear.

**Misrepresentation of Job Transition:**

Goodwill's statement inaccurately claims that I was transitioned into a Merchandiser position to be more successful and accommodate my work hours for a second job. In reality, I was moved because I consistently complained to Ryan about being touched by Boyd. Despite this move, Boyd continued to sexually harass me. Furthermore, the assertion that my schedule was adjusted to allow for a second job is false. In actuality, I frequently worked much later than my scheduled hours, as I was often asked to stay late when others called out. This contradicts the claim that Goodwill was trying to accommodate my schedule for a second job, as they repeatedly requested that I work extended hours.

**Failure to Engage in the Interactive Process:**

Point 4 in Goodwill's statement falsely claims that they engaged in the interactive process regarding my injuries. Goodwill failed to send notifications via mail or email, contradicting their assertion that they could not contact me. The attached letter dated December 11, 2023, on Goodwill's letterhead, proves that they had my updated address during the timeframe they claimed they could not reach me. Additionally, I have email correspondence with HR that further negates these accusations.

**Conclusion:**

The evidence presented clearly shows that Goodwill Industries failed to address my complaints adequately, did not provide the promised follow-ups, and misrepresented the nature of my job transition and their engagement in the interactive process. I trust that the EEOC will consider these facts carefully in making a determination.

Sincerely,

Marilyn Hood

Marilyn Hood



One West 4th Street, Suite 850
Winston-Salem, NC 27101
Main: 336.721.1001
Fax: 336.748.9112
constangy.com

July 9, 2024

**VIA EEOC RESPONDENT PORTAL**

Nereida Ramos
Equal Employment Opportunity Commission
Greensboro Local Office
1500 Pinecroft Road
Suite 212
Greensboro, NC 27407

Re:   **Marilyn Hood v. Goodwill Industries of Central North Carolina, Inc.**
     **EEOC Charge No.: 435-2024-01240**

Dear Ms. Ramos:

Please consider this letter and enclosures as the statement of position for Respondent Goodwill Industries of Central North Carolina, Inc. ("Goodwill" or the "Company") in the above-referenced Charge of Discrimination ("Charge").[1]

As a preliminary matter, we note that this is the second Charge filed by Ms. Hood. She also filed EEOC Charge No. 435-2024-00076 on or about November 7, 2023, and Goodwill submitted a detailed statement of position and corresponding Exhibits A-Z in response to that charge. The Commission then issued a Dismissal and Notice of Rights on April 25, 2024. The instant allegations are recycled and addressed in depth in Goodwill's prior statement of position, including the termination of Ms. Hood's employment in January 2024, which had not yet occurred by the time she had filed her initial charge. Accordingly, Goodwill's prior statement of position is being incorporated by reference and attached here as **Exhibit 1**.

In addition, Goodwill addresses the following points from the instant Charge:

1.     First, Goodwill has no evidence that Ms. Hood ever complained to Mr. Huth about alleged sexual harassment from her co-employee, Bernard Boyd, during her employment with Goodwill. As explained in Goodwill's initial position statement, it was not until January 3, 2024, while she was out on leave, that Ms. Hood finally identified Mr. Boyd by name when Ms. Lash was speaking with her to get a status update on her work restrictions. Ms. Lash then investigated

---

[1] This position statement is being submitted in response to specific Charge allegations and is based upon information known at the present time. Goodwill reserves the right to supplement this position statement and to raise additional defenses as may be appropriate at any time in the future. Please also direct all future correspondence in this matter to my attention.

Constangy, Brooks, Smith & Prophete, LLP

Ms. Hood's allegation and spoke with Mr. Boyd, during which he refuted any such harassment. In short, no sexual harassment occurred, nor are there any grounds to impute liability to Goodwill on these facts.

2.      Second, Ms. Hood then tries to draw a connection between her complaints about Mr. Boyd's alleged sexual harassment (which did not occur) and Mr. Huth subsequently somehow interfering with her job performance. Aside from the fact that no such connection could possibly exist since, again, Ms. Hood never identified Mr. Boyd to Mr. Huth, this allegation is also negated by the facts as observed by Goodwill. As explained in Goodwill's initial position statement, Ms. Vaughn met with Ms. Hood on February 21, 2023, to specifically address Ms. Hood's perception that she was not receiving the requisite bins for her work as a Hanger. Ms. Vaughn explained that she reviewed video footage of the work area and it did not appear that this complaint was valid, and that Ms. Hood received bins in the same manner as other employees. Most importantly, this meeting ended with Ms. Hood saying everything was good, and that Ms. Vaughn did not need to look into the matter further. **(See Exhibit 1 - Exhibit T)**

3.      Third, Ms. Hood alleges that her colleague, Carol Mixson (Age 64) (inaccurately identified in the Charge as "Carol Miller"), was allowed to arrive late and leave early, but that Ms. Hood was not extended "similar leniency." As explained in its initial position statement, Goodwill holds all of its employees accountable under its Attendance Policy, and Ms. Hood did receive Written Warnings and a Final Warning in connection with her recurring tardiness and absences. **(See Exhibit 1 - Exhibits O-Q)** There is no evidence that Ms. Mixson was treated in a more lenient manner, and certainly no evidence that she was somehow treated better than Ms. Hood because of her age, as she and Ms. Hood are both the same age (64). In fact, like Ms. Hood, Ms. Mixson has received numerous warnings for attendance and performance throughout her employment. **(Exhibit 2 – Written Warnings for Ms. Mixson)** As Mr. Crotts recapped in his July 24, 2023 memorandum, other employees at Store #022 similarly received Written Warnings and Final Warnings for attendance. **(Exhibit 1 - Exhibit W)** Moreover, there is no evidence that Goodwill somehow used the discipline it did issue to Ms. Hood in order to prevent her from obtaining full-time employment with the Company. Rather, just the opposite is true: Goodwill worked with Ms. Hood by transitioning her into another position (Merchandiser), where she could be more successful and even accommodated her by changing her scheduled work hours so that she could obtain a second job. **(Exhibit 1 – Exhibit W)**

4.      Finally, there is no validity to the allegation that Goodwill failed to engage in the interactive process with Ms. Hood with regard to her injuries stemming from her accident. Not only did Goodwill provide Ms. Hood with full FMLA leave from August 5, 2023 through October 28, 2023, it extended that leave – as a reasonable accommodation under the ADA – for several more months until January 2024. Throughout this ADA leave time period, Goodwill consistently engaged and attempted to communicate with Ms. Hood and her provider in order to determine her work restrictions, but there were several instances when Ms. Hood did not respond to calls, texts, or emails. Additionally, Goodwill's understanding is that Ms. Hood moved outside of the area while she was on leave, and she did not provide an updated address to HR. Goodwill only

administratively terminated Ms. Hood's employment in January 2024 once it finally received clarification from Dr. Wright that Ms. Hood had continuous and permanent lifting and bending restrictions. **(Exhibit 1 – Exhibit Y)** Given that Goodwill has no purely sedentary positions, Goodwill had no choice but to terminate Ms. Hood's employment. **(Exhibit 1 – Exhibit Z)**

Thank you for your attention to this matter and please let me know if you need any additional information to reach a determination.

Sincerely,

William J. McMahon, IV

WJM,IV/
Enclosures

11403863v1

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Greensboro Local Office**
1500 Pinecroft Road,, Suite 212
Greensboro, NC 27407
(336) 604-5180
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/01/2025

**To:** Ms. Marilyn Hood
8011 N Point Blvd #B
Winston Salem, NC 27106
Charge No: 435-2024-01240

EEOC Representative and email:     NEREIDA RAMOS
Investigator
Nereida.Ramos@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 435-2024-01240.

On behalf of the Commission,

*N. Ramos*          Delegated signature authority for: _____

Ingrid Waden-Wynn
Local Office Director

**Cc:**
Patty Caudle
Goodwill Industries of Central NC, Inc.
1235 S. Eugene St.
Greensboro, NC 27406

Gary Martoccio Esq.
Spielberger Law Group
2101 W. Platt St., 2nd Floor Suite, Tampa, FL Suite 950
TAMPA, FL 33606

Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 435-2024-01240 to the

District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 435-2024-01240 to the District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

**are not considered** in determining if the impairment substantially limits a major life activity.

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

## "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | |

and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Marilyn Hood** | **(336) 402-7924** | **03/07/1960** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **8011 N Point Blvd #B** | **Winston Salem, NC 27106** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Goodwill Industries of Central NC, Inc.** | **15+** | **(336) 275-2150** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **1235 S. Eugene St.** | **Greensboro, NC 27406** | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | | |
|---|---|---|
| [ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN | | |
| [X] RETALIATION   [X] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION | | |
| [X] OTHER *(Sexual Harassment)* | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **10/2022**   Latest **01/11/2024**

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Statement of Harm:** In or around October 2022, Bernard Boyd (Donation Sorter, male) groped my breasts in the workplace, and I promptly informed Ryan Huth (Floor Supervisor, Male) of the same. However, Mr. Huth refused to act and claimed there was nothing he could do. As a consequence, Mr. Boyd continued to touch me without permission, including grabbing my waist, as well as further attempts my breasts in the workplace.

Goodwill also discriminated against me on account of my age (63). For instance, following my protected complaints regarding Mr. Boyd's sexual harassment, Mr. Huth began skipping me on the production line, causing a disparate impact on my performance. Conversely, Mr. Huth did not pass over my similarly situated, younger colleagues in the same manner. Similarly, Goodwill allowed my younger colleague, Carol Miller (Sorter Hanger), to arrive late and leave early, but did not extend similar leniency to me. This not only resulted in instances of disparately awarded discipline against me, but Goodwill also used its discriminatory disciplines to prevent me from being promoted to full-time employment.

In July 2023, I sustained a severe spinal injury in an automobile accident and promptly informed Goodwill of the same. A short time later, in August 2023, I applied and was approved to exercise FMLA protected leave. While on leave, I filed an EEOC Charge to address Goodwill's blatant inaction as it relates to my protected complaints of sexual harassment and discrimination.

In early January 2024, I returned to the workplace and provided Goodwill with my doctor's medical restrictions. However, just days later, on January 11, 2024, Goodwill abruptly terminated my employment without engaging in the interactive process as required by the Americans with Disabilities Act.

**Statement of Discrimination:** Goodwill's conduct is in direct violation of the Americans with Disabilities Act of 1990 (ADA), the Age Discrimination in Employment Act of 1967 (ADEA), and Title VII of the Civil Rights Act of 1964.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| May 29, 2024 *Date*    *Marilyn Hood* (May 29, 2024 15:48 EDT) *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# Marilyn Hood EEOC Charge

Final Audit Report                                               2024-05-29

| | |
|---|---|
| Created: | 2024-05-29 |
| By: | Ciara Mathie (ciara.mathie@spielbergerlawgroup.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAADMDt4qXhQ7_XEvlue_pqRRjTqClMQn4e |

## "Marilyn Hood EEOC Charge" History

Document created by Ciara Mathie (ciara.mathie@spielbergerlawgroup.com)
2024-05-29 - 5:12:54 PM GMT

Document emailed to hoodmarilyn2@gmail.com for signature
2024-05-29 - 5:13:23 PM GMT

Email viewed by hoodmarilyn2@gmail.com
2024-05-29 - 7:47:39 PM GMT

Signer hoodmarilyn2@gmail.com entered name at signing as Marilyn Hood
2024-05-29 - 7:48:28 PM GMT

Document e-signed by Marilyn Hood (hoodmarilyn2@gmail.com)
Signature Date: 2024-05-29 - 7:48:30 PM GMT - Time Source: server

Agreement completed.
2024-05-29 - 7:48:30 PM GMT

**Adobe Acrobat Sign**